UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFREDO TORRES,

                Plaintiff,

                -against-

NEW YORK LEGAL ASSISTANCE GROUP;
JILL L. ROSENBERG, ESQ.; BETH
GOLDMAN, ESQ.; ROBYN TARNOFSKY,
ESQ.,

                Defendants.

20-CV-6396 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff, appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. He alleges that the New York Legal Assistance Group (NYLAG) and its officers and employees, under the control of Bellevue Hospital, Health and Hospitals Corporation (HHC), and the U.S. Department of Justice, violated his right to due process by conspiring to sabotage his "politically unpleasant" case, *Torres v. NYC Police Dep't*, ECF 1:16-CV-2362, 1 (RA)(KNF) (S.D.N.Y.). By order dated August 21, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are from Plaintiff Wilfredo Torres's complaint. Plaintiff is "erroneously included in the terrorists list of the U.S. government and as such [he is] persecuted, tortured, and denied due process of law by the Courts." (ECF 2 at ¶ 1.)[1] New York City police

---

[1] Plaintiff attaches to his complaint a copy of part of a 2006 letter to the Central Intelligence Agency (CIA) requesting information under the Freedom of Information Act

2

officers carried out "warrantless raids" of Plaintiff's apartment in New York City on September 28, 2015, April 28, 2016, and February 27, 2019.[2] (*Id.* at ¶ 5.) On April 28, 2016, the United States Department of Justice "kidnapped [Plaintiff] and took [him] to be tortured . . . at the facilities of . . . HHC Bellevue Hospital." (*Id.* at ¶ 13.) Plaintiff attaches medical records stating that he was discharged from Bellevue Hospital on April 29, 2016, and informing him that "the principle reason(s) for your hospitalization were: Delirium." (*Id.* at 18.) Plaintiff filed a complaint arising from those events, and that matter was opened under docket number 16-CV-2362 and assigned to District Judge Ronnie Abrams.

Plaintiff further alleges that, in January 2016, "the Board of Judges of this Court, and the New York Legal Assistance Group (NYLAG) started a law clinic which was" "created by the Court," "paid by the Court," and "housed in the Court." (*Id.* at ¶ 8.) The U.S. Justice Department, HHC, and Bellevue Hospital each is "an associate of [NYLAG] and as such [each] controls the legal clinic." (*Id.* at ¶ 13.) "While the alleged mission of the law clinic is to assist the pro se litigants, their true mission is to sabotage politically-unpleasant cases such as mine and help the Court to dismiss them." (*Id.* at ¶ 9.)

A few weeks before Plaintiff filed this complaint, "after almost five (5) years of litigation of case 16CV2362, Judge Abrams capriciously dismissed it." (*Id.* at ¶ 10.)[3] Judge Abrams'

---

(FOIA), 5 U.S.C. § 552. (ECF 2 at 11.) He does not name the CIA as a defendant in this action, or seek any relief under FOIA.

[2] Plaintiff also has a pending suit regarding police entering his apartment on or about February 27, 2019, and bringing him to Bellevue involuntarily for a psychiatric examination, *Torres v. City of New York et al*, 1:19-CV-06332-ER (S.D.N.Y.) (interlocutory appeal to Second Circuit pending).

[3] The docket of *Torres v. NYPD*, No. 16-CV-2362 (RA) (S.D.N.Y.), reflects that not all defendants have been dismissed from that still-pending action. On August 24, 2020, the remaining defendants moved for summary judgment dismissing Plaintiff's claims against them (ECF Nos. 418-425), but as of the date of this order, the Court has not resolved the motion. Any

3

recusal from his suit was warranted because her husband "is assistant to Robert Mueller, Esq., who five (5) days before 9/11 was appointed by the President of the United States, George W. Bush, to direct the FBI and cover-up the upcoming destruction of the twin towers by CIA terrorists." (*Id.* at ¶ 12.) "The legal clinic intentionally and maliciously conspired, and caused the dismissal of my case 16CV2362." (*Id.* at ¶ 16.)

Plaintiff brings suit against NYLAG, its President, its Chief Executive Officer, and the Director of the NYLAG clinic, seeking $100 million in damages.

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is

---

arguments Plaintiff wishes to raise concerning the litigation of *Torres v. NYPD*, No. 16-CV-2362, should be raised in that case.

4

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

SO ORDERED.

Dated:   September 23, 2020
         New York, New York

                                                       Louis L. Stanton
                                                         U.S.D.J.